IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BARBARA HEIDEGGER, and EM-TEES, INC.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **CITY OF CHICAGO, CHICAGO POLICE OFFICERS JEROME FINNEGAN, Star #5167, CARL SUCHOCKI, Star #18391, JAMES ELDERIDGE, Star #2081, JOHN BLAKE, Star #454, ERIC OLSEN, Star #19456, GREGORY INSLEY, Star #14260, FRANK VILLAREAL, Star #10438, B. CORCORAN, Star #17069, J. HURLEY, Star #17516, B. MAKA, Star #12206, G. SALINAS, Star #10293, B. RICE, Star #16059, OFFICER HANDZEL, Star #8116, OFFICER MARKIEWICZ, Star #17092, OFFICER FERGUSON, Star #14213, OFFICER NELLIGAN, Star #8953, OFFICER HARVEY, Star #9165, OFFICER MCGOVERN, Star #18856, OFFICER CASE, Star #1753, OFFICER CONNELLY, Star #16869, OFFICER FOLEY, Star #10613, SUPERINTENDANT PHILIP CLINE, DEBRA KIRBY, MAYOR RICHARD DALEY, and UNKNOWN CHICAGO POLICE OFFICERS,** ) <br> ) <br> Defendants. ) | No. 07 C 5738 |

**MEMORANDUM OPINION AND ORDER**

This case is a companion to *Reyes v. City of Chicago, et al.*, No. 07 C 6877, and the Memorandum Opinion and Order entered with respect to the motions to dismiss in that case are incorporated herein. Plaintiffs Barbara Heidegger and Em-Tees, Inc. ("Em-Tees") assert multiple claims against the City of Chicago (the "City"),

three City officials (the "City Officials"), and a number of individual Chicago police officers (the "defendant police officers") stemming from an altercation at Caballos bar, a liquor establishment owned and operated by plaintiffs. Plaintiffs allege violations of 18 U.S.C. § 1961, *et. seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count I); 42 U.S.C. § 1983 for illegal search and seizure (Count II), due process (Count III), failure to intervene (Count IV), *Monell*[1] (Count V - only against the City), and equal protection (Count VI); 42 U.S.C. § 1985 for conspiracy to deny equal protection (Count VII); and state law claims for violation of 745 ILCS 10/9-102 (Count VIII - only against the City), tortious interference with business (Count IX), and trespass (Count X). Motions to dismiss all counts were filed on behalf of all defendants, with the exception of Officer Finnegan.[2]

I.

Plaintiffs allege that on March 27, 2004, the defendant police

---

[1] *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), established that local governments may be held liable under § 1983 for constitutional violations arising from policy, custom, or practice.

[2] One motion to dismiss was filed on behalf of all defendant police officers except for defendants Villereal, Suchocki, and Finnegan. Defendants Villareal and Suchocki filed motions to join their co-defendants' motions to dismiss on July 29, 2008 and July 25, 2008, respectively. Those motions were granted on August 1, 2008. Defendants City Officials and the City filed a separate motion to dismiss, incorporating defendant police officers' motion.

officers, members of the Special Operations Section ("SOS") of the Chicago Police Department, entered Caballos, a bar located on the southwest side of Chicago, and committed various offensive and criminal acts upon its patrons. Defendant police officers, believing they had turned off Caballo's security monitor, illegally searched its patrons, took their money, prevented them from leaving, and prevented new patrons from entering the establishment. Additionally, defendant police officers searched the vehicles of bar patrons without cause and took personal property from those vehicles. No inventory or accounting was done for the money and property taken from the bar patrons or their vehicles. As a result of the actions of defendant police officers, Caballo's patrons left early causing a substantial loss of business that night and in the months to follow. Defendant police officers allegedly visited a second establishment on March 27, 2004 and committed similarly offensive and criminal acts there. Defendant police officers continued to conduct raids similar to those alleged on March 27, 2004 at other liquor establishments in the Chicago area. The last raid alleged in the complaint took place in December 2006. (Compl. ¶¶ 10-33.)

Plaintiffs also contend that defendants committed these acts and other acts, in furtherance of a criminal conspiracy. The other acts complained of include perjury and obstruction by police officers and officials, and a failure by prosecutors, the police

3

department and the City, to properly investigate and prosecute the described criminal acts, among other things. (*See* Compl. ¶¶ 34-60.) Plaintiffs contend that the alleged criminal conspiracy started in 2002 and continues to date. The complaint was filed on October 10, 2007. For the following reasons, the defendants' motions are granted in part and denied in part.

II.

At the outset, consistent with this court's Memorandum Opinion and Order issued in *Reyes*, I grant the City Officials' motion to dismiss on all counts and the City's motion to dismiss count I; however, defendant police officers' motion to dismiss count I is denied. Contrary to defendants' arguments, plaintiffs need not plead evidence to survive a motion to dismiss. Further, defendants do not explain why the allegations in the complaint are insufficient generally or why plaintiffs' business losses due to the raid are not adequate injuries to "business or property" under RICO. (*See* Compl. ¶¶ 13, 31-32).[3]

III.

The defendant police officers and the City move to dismiss the remaining counts against them on the ground that they are time-

---

[3] In their motions, defendant police officers also argue that they were at Caballo legally, performing a routine inspection of the bar pursuant to the Illinois Liquor Control Act (235 ILCS 5/4-4) and Chicago Municipal Code (§4-4-290 M.C.C.). This is an argument on the merits not properly decided on a motion to dismiss.

4

barred under Illinois law. The parties agree on the following basic facts and relevant law, namely: Illinois law on statue of limitations applies; the relevant limitations periods are two years for plaintiffs' federal claims and one year for plaintiffs' state law claims; the underlying incident occurred on March 27, 2004; and plaintiffs' complaint was filed on October 10, 2007. However, defendants contend that in order to avoid the limitations bar, plaintiffs' must have filed the §1983 and §1985 claims by March 28, 2006, and the state law claims by March 28, 2005.

In response, plaintiffs argue the alleged injuries continued until December 2006, making the filing of all claims timely. Further, with respect to the *Monell* claim, plaintiffs contend that although the underlying injury occurred in March 2004, they did not have a complete claim against the City until they knew that the cause of their injury was the City's practices and policies. (Pls.' Resp. Br. pp. 9-10.) Plaintiffs suggest this "discovery" did not occur until mid-2006 when some of the SOS officers were indicted and the SOS scandal hit the papers. *Id*. Finally, plaintiffs argue in the alternative that even if their claims are time-barred, equitable estoppel applies and defendants' motions should be denied.

Plaintiffs only allege one incident supporting the injuries described in counts II-X, which occurred on March 27, 2004; however, plaintiffs waited until October 10, 2007 to file their

5

complaint putting counts II-X outside the respective limitations periods for those claims. While plaintiffs allegations do include mention of a December 2006 raid, they do not allege it occurred at one of their establishments. Rather, the complaint vaguely states that a raid happened at a liquor establishment somewhere in the Chicago area during the month of December 2006:

> 33. Before and after the March 27, 2004 raid at Caballo's, unknown Chicago Police officers conducted various raids, similar to the March 27, 2004 raid at Caballo's, at liquor establishments owned by Em-Tees, Inc. and at liquor establishments throughout the Chicago area. The last raid took place as recently as December 2006.

(Compl. ¶ 33). While this portion of the complaint arguably supports plaintiffs' RICO count and suggests defendants' actions had lingering effects on plaintiffs' business, it is not enough to avoid statute of limitations for the remaining federal and state claims. *See e.g., Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 804-05 (7th Cir. 2008)(affirming dismissal where complaint and briefs were silent on facts that could easily have been included to show plaintiff had a plausible claim; rejecting argument that lingering harmful effects should be considered continuing violations for statute of limitations purposes). Further, with respect to the *Monell* claim, plaintiffs contention that they did not discover there was such a claim until mid-2006 is not suggested by the complaint and is contrary to facts alleged in connection with their equitable estoppel argument. *See e.g., Tamayo*

6

*v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008) (finding improbable reading of complaint must include some factual allegations that justify indulging such a reading); *Limestone*, 520 F.3d at 804; *Compare* Pls.' Resp. Br. p. 8 *with* p. 11 (claiming to have been fully aware of the defendants' culpability, but too afraid to come forward.) Because the only alleged incident supporting plaintiffs' claims occurred on March 27, 2004, counts II-X are barred by the statute of limitations.

As discussed in *Reyes*, equitable estoppel does not apply either. Plaintiffs do not allege any steps taken by defendants after the initial incident that prevented them from filing a lawsuit. Rather, their allegations are directed solely towards defendants actions (or inaction) towards third parties. (*See e.g.*, Compl. ¶¶ 34-40.) This connection is too tenuous to support application of equitable estoppel to plaintiffs' claims against either the defendant police officers or the City. Accordingly defendants' motions to dismiss counts II-X are granted. Defendants' argument with respect to the Eighth Amendment is moot, as plaintiffs did not make any Eighth Amendment claims.

IV.

For the foregoing reasons, I grant (1) defendant City Officials' and the City's motions to dismiss all counts, and (2) the defendant police officers' motion to dismiss counts II-X. All

7

claims remain against Officer Finnegan.  Defendant police officers' motion to dismiss count I is denied.  With respect to plaintiffs' alternative motion to amend, I grant the motion as to counts II-X against the City and defendant police officers, to the extent plaintiffs' are able to allege specific incidents at Caballo or other plaintiff-owned liquor establishments in support of those counts, occurring on dates such that counts II-X are not time-barred.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Date:  October 28, 2008